# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROBBINS III, | 1:04-cv-06337-OWW-TAG HC |
| Petitioners, | REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 7) |
| v. | |
| TOM CAREY, et. al, | |
| Respondent. | |

Petitioner Arthur Robbins III is a state prisoner proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On September 30, 2004, Petitioner filed an original petition for writ of habeas corpus. (Doc. 1). On November 29, 2004, the Court ordered Petitioner to amend the petition to complete the petition form in its entirety. (Doc. 4). On December 30, 2004, Petitioner filed an amended petition for writ of habeas corpus. (Doc. 5). The amended petition alleges the following grounds for relief: (1) trial counsel was ineffective for failing to object to the contradictory testimony by the arresting officer regarding the search of Petitioner's vehicle; (2) Petitioner's conviction was obtained through evidence gathered in a unconstitutional stop and search; (3) appellate counsel was ineffective for failing to find appealable issues in Petitioner's direct appeal, including ineffective assistance of trial counsel, discrepancies in the testimony of the arresting officer, and an unconstitutional stop and search; and (4) the state courts' summary denials of his arguments

submitted in his direct appeal were "objectively unreasonable." (Doc. 5, pp. 5-6). On April 13, 2005, Respondent filed a motion to dismiss, contending that ground one and portions of grounds three and four of the amended petition are unexhausted. (Doc. 7). Respondent requests that the petition be dismissed without prejudice. (Doc. 7, p. 4).

Prior to commencing these proceedings, Petitioner was convicted in state court on November 7, 2002, following a plea of no contest to a charge of possession of a controlled substance for sale (Cal. Health & Safety Code § 11351.5). (Doc. 9, Exh. 2). Petitioner admitted two prior "strike" felonies, and was sentenced to an indeterminate prison term of 25 years to life. (Doc. 9, Exhs. 1, 2).

On appeal, Petitioner's appellate counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979), in which Petitioner's counsel conceded he could find no appealable issues and asked the Fifth District Court of Appeals ("5th DCA") to independently review the record for error. (Doc. 9, Exh. 4). Petitioner submitted a letter to the 5th DCA, raising as an appealable issue the conflicting evidence at the suppression hearing regarding whether the arresting officer, Brochini, knew, prior to stopping Petitioner, that his driver's license had been suspended. (Id. at pp. 25-28). Petitioner also requested the appointment of another appellate attorney to raise the issues that his current attorney refused to raise. (Id.).

On August 28, 2003, in an unpublished opinion, the 5th DCA affirmed Petitioner's conviction and sentence. (Doc. 9, Exh. 3). On October 23, 2003, Petitioner, acting pro se, filed his own petition for review in the California Supreme Court. (Doc. 9, Exh. 4). The petition for review does not enumerate issues, but instead presents an unstructured discussion of facts and legal principles. From those, it appears that Petitioner raised the following issues: (1) ineffective assistance of appellate counsel in filing a Wende brief without raising the issue of Officer Brochini's contradicted testimony; (2) the illegal search of Petitioner's vehicle and use of the "fruits" of that search in his prosecution; and (3) the 5th DCA's affirmance of Petitioner's conviction was "objectively unreasonable." (Doc. 9, Exh. 4, pp. 2-3). Petitioner has not filed any other proceedings before the California Supreme Court arising out of his conviction and sentence.

As discussed more fully below, it appears that ground one of the amended petition, i.e., a claim of ineffective assistance of trial counsel, is not exhausted because Petitioner has never presented the issue to the California Supreme Court. Nor does it appear that ground three, i.e., a claim of ineffective assistance of appellate counsel, is fully exhausted, because in his petition for review in the California Supreme Court, Petitioner does not allege, as a basis for his appellate counsel's ineffectiveness, the fact that he failed to raise on appeal the issue of trial counsel's ineffectiveness.

Finally, ground four of the amended petition, which contends that the 5th DCA's and California Supreme Court's affirmance of Petitioner's conviction and sentence was objectively unreasonable under 28 U.S.C. §§ 2254(d)(1), (d)(2), and (e)(1), is not a substantive ground for habeas relief or cognizable federal claims. Rather, it simply states the applicable federal standard for habeas relief, i.e., that the state court decision was either contrary to or an unreasonable application of clearly established federal law.

Based on the foregoing, the Court will recommend that Respondent's motion to dismiss be granted, and that the amended petition be dismissed because grounds one and that portion of ground three discussed above, are not exhausted. The Court will also recommend that ground four be dismissed for failure to state a cognizable federal claim.

### DISCUSSION

A. Standard For Exhaustion In Federal Habeas Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

1  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest

2  state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

3  highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis);

4  Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), *superceded*

5  *by statute as stated in* Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000).

6        Additionally, the petitioner must have specifically told the state court that he was raising

7  a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

8  669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

9  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States

10 Supreme Court reiterated the rule as follows:

11       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
12       state courts in order to give the State the "'opportunity to pass upon and correct
   alleged violations of the prisoners' federal rights" (some internal quotation marks
13       omitted). If state courts are to be given the opportunity to correct alleged violations
   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
14       are asserting claims under the United States Constitution. If a habeas petitioner
   wishes to claim that an evidentiary ruling at a state court trial denied him the due
15       process of law guaranteed by the Fourteenth Amendment, he must say so, not only
   in federal court, but in state court.
16
   Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:
17
18       Our rule is that a state prisoner has not "fairly presented" (and thus
   exhausted) his federal claims in state court *unless he specifically indicated to*
19       *that court that those claims were based on federal law*. See Shumway v. Payne,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
20       Duncan, this court has held that the *petitioner must make the federal basis of the*
   *claim explicit either by citing federal law or the decisions of federal courts, even*
21       *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
   (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
22       underlying claim would be decided under state law on the same considerations
   that would control resolution of the claim on federal grounds. Hiivala v. Wood,
23       195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
   (9th Cir. 1996); . . . .
24       In Johnson, we explained that the petitioner must alert the state court to
   the fact that the relevant claim is a federal one without regard to how similar the
25       state and federal standards for reviewing the claim may be or how obvious the
   violation of federal law is.

26 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

27 ///

28 ///

1        B.  <u>Grounds One and Three: Ineffective Assistance of Trial Counsel</u>.

2       In his petition for review in the California Supreme Court, Petitioner prefaces his
3  discussion by indicating that his case raises "an issue of the false testimony by the arresting
4  officer at the hearing pursuant to an allegation of the State's violation of protections afforded
5  under the Fourth Amendment." (Doc. 9, Exh. 4, p. 2). Petitioner goes on to allege that this issue
6  was "inadequately briefed" by his appellate counsel. (<u>Id</u>.). Petitioner then cites the federal
7  standard for ineffective assistance of counsel, i.e., <u>Strickland v. Washington</u>, 466 U.S. 668
8  (1984). (<u>Id</u>.). Immediately following that citation, Petitioner cites <u>Evitts v. Lucey</u>, 469 U.S. 387
9  (1985), as requiring effective representation by appellate counsel. (<u>Id</u>.). Petitioner then argues
10 that appellate counsel's decision to file a <u>Wende</u> brief without addressing the contradictions in
11 the arresting officer's testimony was error that should have been corrected by the state appellate
12 courts. (Doc. 9, Exh. 4, pp. 2-3).

13      Nowhere in his petitioner for review in the California Supreme Court, however, does
14 Petitioner allege, either expressly or implicitly, that his trial counsel was ineffective. To the
15 contrary, Petitioner specifically indicates that the issue of the illegal search was briefed by trial
16 counsel "in a manner to point out the contradictory testimony by the arresting officer...." (Doc. 9,
17 Exh. 4, p. 2). Thus, far from raising an issue of ineffectiveness in his trial counsel's
18 representation, Petitioner praises his trial counsel for effectively raising and arguing the issue at
19 trial and for preserving the issue on appeal.

20      Since the petition for review was the only document Petitioner filed in the California
21 Supreme Court, Petitioner failed to directly raise ineffective assistance of trial counsel as a
22 distinct claim in his petition for review at the California Supreme Court. Nor did Petitioner raise
23 the claim indirectly in the context of ineffective assistance of his appellate counsel for failing on
24 appeal to argue trial counsel's deficient performance. Petitioner simply never raised the issue at
25 all, in any context, before the California Supreme Court.

26      28 U.S.C. § 2254(b)(1) provides that a petition for writ of habeas corpus "shall not be
27 granted" unless it appears that:
28 ///

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitioner has not exhausted the remedies available in the state courts as to ground one, arguing ineffective assistance of trial counsel, and that portion of ground three raising the failure of appellate counsel to raise in the appeal the ineffective assistance of trial counsel. Consequently, the Court will recommend that the petition be dismissed as a mixed petition. 28 U.S.C. § 2254(b)(1).

### C. Ground Four: State Appellate Court Rulings Were Objectively Unreasonable.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of § 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Further, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In ground four, Petitioner contends that the "State Court of Appeal and State Supreme Court's summary denials of petitioner's brief submitted to the Court of Appeal...were objectively

unreasonable when viewed under the lense [sic] ground by United States Supreme Court precedent." (Doc. 5, p. 6). Petitioner explains that the Court of Appeal's one-sentence dismissal of his claims and the California Supreme Court's "postcard denial" of his petition for review were "objectively unreasonable" under 28 U.S.C. §§ 2254(d)(1) and (d)(2), as well as 28 U.S.C. § 2254(e)(1). (<u>Id</u>.).

These allegations, however, fail to state a cognizable federal claim entitling Petitioner to habeas relief. The allegations do not identify a specific substantive error committed by the state court; rather, they rephrase the applicable federal standard for granting habeas relief, i.e., an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). The Court is, of course, obligated by these same federal provisions to review Petitioner's substantive, exhausted claims under that exacting standard. However, the standard itself is not a separate, substantive claim for relief. Because there is no possibility that Petitioner can modify ground four to state a substantive federal claim that is cognizable in a habeas proceeding, the Court will recommend that ground four be dismissed.

## **<u>RECOMMENDATION</u>**

Accordingly, the Court makes the following recommendations:

1. Respondent's Motion to Dismiss (Doc. 7) be GRANTED.

2. Ground four of the Amended Petition for Writ of Habeas Corpus be DISMISSED for failure to state a cognizable federal claim.

3. The remaining claims in the Amended Petition for Writ of Habeas Corpus be DISMISSED because grounds one and a portion of ground three of the Amended Petition for Writ of Habeas Corpus are not exhausted, and the Court must dismiss a habeas petition that contains any unexhausted claims. 28 U.S.C. § 2254(b)(1); <u>see</u> <u>Rose v. Lundy</u>, 455 U.S. at 522.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the unexhausted claims as discussed below, this Report and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Report and Recommendation, and proceed with only the exhausted claims. <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988).  If Petitioner fails to withdraw the unexhausted claims within such thirty (30) days, and the District Court adopts this Report and Recommendation, the entire amended petition will be dismissed so Petitioner can return to state court to exhaust the remainder of his claims before filing a new federal petition. <u>Rose v. Lundy</u>, 455 U.S. at 520; <u>Guizar v. Estelle</u>, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies, <u>see</u>, <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.1995),  provided that the applicable statute of limitations has not run and tolling is not applicable.  Thus, any subsequently filed application or petition for habeas relief will be subject to the one-year statute of limitations imposed by Title 28 U.S.C. § 2244(d).  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

IT IS SO ORDERED.

**Dated:   July 12, 2005**              /s/ Theresa A. Goldner
j6eb3d                                   UNITED STATES MAGISTRATE JUDGE